IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LESLIE A. HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV605 |
| | ) | |
| SOUTHEASTERN RADIOLOGY, P.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 11.) *Pro se* Plaintiff Leslie Harrison has not responded to the motion despite being warned of the consequences of a failure to respond. (Docket Entry 13.) For the following reasons, it is recommended that the Court grant Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff filed this action against Defendant on August 6, 2010 on a pro se complaint form furnished by the Court. (Compl., Docket Entry 2.) The complaint contains the following statement of Plaintiff's claim:

> A charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the commission of the unfair employment practice because of a racially hostile work environment. A notice of right to sue was posted and dated May 7, 2010 and this complaint is filed within 90 days of said notice. A copy of the right to sue is attached.

(Compl. 2, Docket Entry 2.) Attached to the complaint is a copy of the Charge of Discrimination Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") on November 7, 2008. (Docket Entry 2-1.) In this document, Plaintiff states that she was forced to resign from her position as a Radiologist Assistant with Defendant. In the EEOC charge, Plaintiff gives the particulars of her charge:

II. I was subjected to racial harassment during my employment with the Respondent. Francis Shadowhens, White Female, Department Head, made offensive racial comments to me and other employees on a weekly basis. Management was informed of the hostile work environment and Ms. Shadowhens was written up for her behavior. Even though Ms. Shadowhens received disciplinary action for her behavior, she still continued to make racial comments to me and other employees. Ms. Shadowhens is still employed with the Respondent. On April 22, 2008, Sabrina Wagnor, White Female, Supervisor, gave me a final written warning for being rude and hostile to Becky Nelson, White Female, Radiologist Assistant. Ms. Nelson was hired by Sabrina Wagnor and Ms. Nelson is good friends with Francis Shadowhens. Ms. Nelson accused me of purposely bumping into her and being rude to her in front of other employees. I denied Ms. Nelson's accusations. I was an excellent employee with no prior write-ups or disciplinary actions in my personnel file. Company policy dictates that a supervisor is supposed to use progressive discipline before putting an employee on a final notice. Becky Nelson came into work smelling like alcohol everyday and she was not disciplined for her actions. I believe that I was disciplined based on my race. On April 22, 2008, I was forced to resign from my position due to the racially hostile work environment I was subjected to and the false accusation made against me which caused me to be placed on a final notice.

III. I believe that I have been discriminated against based on my race, Black, and constructively discharged in violation of Title VII of the Civil Rights Act of 1964 as amended.

(EEOC Charge of Discrimination, dated Nov. 7, 2008, Docket Entry 2-1.)

Defendant filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on October 27, 2010. (Docket Entry 11.) As noted above, Plaintiff has filed no response to the motion to dismiss, nor has Plaintiff filed any document or pleading in this court since the initial filing of the complaint on August 6, 2010.

**II. MOTION TO DISMISS STANDARD**

Under the Local Rules of the Middle District of North Carolina, where a party fails to file a timely response the motion will be "considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR 7.3(k). Because Plaintiff failed to file a timely response, therefore, Defendant's motion to dismiss could be granted as a matter of course pursuant to Local Rule 7.3(k). However, in view of Plaintiff's *pro se* status, the Court will consider the merits

2

Case 1:10-cv-00605-JAB-JLW   Document 14   Filed 02/20/13   Page 2 of 8

of the Plaintiff's complaint and Defendant's motion to dismiss to determine if Plaintiff has stated a claim upon which relief can be granted.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (*quoting Twombly*, 550 U.S. at 570). As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

3

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact. . . .") *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416, U.S. 232, 236 (1974)).

As noted by the Supreme Court in *Twombly*, employment discrimination claims carry no heightened pleading standard. 550 U.S. at 570. Likewise, Title VII plaintiffs are not required to allege specific facts establishing a *prima facie* case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). The Fourth Circuit has not, however, interpreted *Swierkiewicz* as removing the burden on a plaintiff to plead facts sufficient to state all the elements of her claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) (holding that plaintiff failed to plead sufficient facts in support of her hostile work environment claim to show that the conduct was based on race or was severe or pervasive).

**III. ANALYSIS**

Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensations, terms, conditions, or privileges of employment, because of such individual's race, color, religions, sex, or national origin . . . ." 42 U.S.C § 2000e-2(a)(1).

A. Hostile Work Environment Claim[1]

In her complaint, Plaintiff alleges that she was subjected to a "racially hostile work environment." (Compl., Docket Entry 2.) To state a claim of racial discrimination based on a hostile work environment, a plaintiff must allege that she was (1) subjected to unwelcome conduct that was (2) based on her race, (3) sufficiently severe or pervasive to alter the conditions of her employment and create and abusive work environment, and (4) that there is some basis for imposing liability on the employer. *See Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001). To succeed on such a claim, Plaintiff must allege facts which link Defendant's actions to racial discrimination. *Bass*, 324 F.3d at 765. To establish the third element, Plaintiff must show that the work environment was not only subjectively hostile, but also objectively so. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). Such proof depends upon the totality of the circumstances, including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). "Complaints premised on nothing more than 'rude treatment by [coworkers],' *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006), 'callous behavior by [one's] superiors,' *Bass*, 324 F.3d at 765, or a 'routine difference of opinion and personality conflict with [one's] supervisor,' *Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000), are not actionable under Title VII." *Id.* at 315-16. "'Simple teasing, offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998)).

Plaintiff's short statement of her claim simply does not plead facts to support a hostile work environment claim. Plaintiff's conclusory statements and the attachment of the label "hostile work

---

[1] Though pled as a single cause of action, a liberal reading of Plaintiff's Title VII claim appears to have two distinct components, including claims for hostile work environment and disparate treatment based on race.

5

environment" in her statement do not meet the pleading standards of Rule 8 or the "plausibility" requirement under *Twombly*. She has simply not alleged facts upon which to reach the conclusion that her treatment by Defendant was sufficiently severe or pervasive enough to alter the terms of her employment and to create an abusive work environment. *See Hawkins* 203 F.3d at 278. Plaintiff's allegation of a "hostile environment" is general in nature and does not specify the dates and frequency of the "racial comments" she alleges were made, nor does she provide any details as to the content of the alleged comments.

Moreover, Plaintiff has failed to plead any facts which impute to Defendant knowledge of the alleged offensive remarks of Ms. Shadowhens after Plaintiff allegedly reported the behavior and Ms. Shadowhens was disciplined. *See Sunbelt Rentals, Inc.*, 521 F.3d at 319 (in reviewing summary judgment ruling, court noted that "[a]n employer is liable for harassment by the victim's coworkers only if he knew or should have known about the harassment and failed to take effective action to stop it.") (internal quotation omitted).

"If Rule 12 (b)(6) is to serve any useful purpose, it must require a plaintiff to set forth sufficient facts to state a claim at the initial pleading stage before expensive discovery ensues." *E.E.O.C. v. Tuscarora Yarns, Inc.*, No. 1:09-cv-217, 2010 WL 783576, at *3 (M.D.N.C. Mar. 3, 2010). The conduct alleged by Plaintiff does not rise to the level of actionable claim for hostile work environment under Title VII. Plaintiff's bare and conclusory assertions are simply not enough to move her claim from "conceivable" to "plausible." *Twombly*, 550 U.S. at 570. She has not articulated any specific conduct that would give rise to a hostile work environment, much less any conduct that was sufficiently severe and pervasive to alter the terms and conditions of her employment. Therefore, Plaintiff has failed to state a claim for a hostile work environment under Title VII and it is recommended that the court grant Defendant's motion to dismiss Plaintiff's hostile work environment claim.

B. Race Discrimination Claim

To establish a *prima facie* case of disparate treatment based on race under Title VII, a plaintiff must show (1) she is a member of a protected group; (2) she suffered an adverse employment action; (3) she was performing at a level that met her employer's legitimate job expectations at the time of the adverse employment action; and (4) she was treated differently from similarly situated individuals outside her protected class. *Coleman v. Md. C.A.*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom Coleman v. C.A. of Md.*, 132 S.Ct. 1327 (2012) (Supreme Court addressed only Eleventh Amendment sovereign immunity issue)

Plaintiff's complaint, even liberally construed, does not state a claim for disparate treatment under Title VII. Plaintiff has not pled any facts to satisfy the fourth element of a claim. Plaintiff has not alleged that she was treated differently from similarly situated individuals outside her protected class. In fact, Plaintiff alleges that a white employee, Ms. Shadowhens, was disciplined for her behavior (alleged offensive remarks) while Plaintiff was disciplined for rude behavior and purposely bumping into an employee. These allegations simply do not plead any facts showing that Plaintiff was treated differently from other similarly situated employees outside her protected class.[2]

Although Plaintiff's complaint "conclusorily alleges that [she] was terminated based on [her] race, it does not establish facts establishing the plausibility of that allegation." *Coleman*, 626 F.3d at 190-91. There are simply no facts pled that Plaintiff was treated differently than other similarly situated individuals or that race was the true reason for Plaintiff's termination. Plaintiff's allegations of discrimination do not rise above speculation. Accordingly, Plaintiff has failed to adequately plead

---

[2] Plaintiff asserts that another employee, a white female, came in to work smelling of alcohol every day and was not disciplined. (EEOC Charge at ¶ 2, Docket Entry 2-1.) Even accepting this allegation as true, it does not meet the requirements for pleading the elements of a disparate treatment claim because there are no allegations that Plaintiff was similarly situated or that management knew of the co-worker's alleged misconduct and did not discipline her.

7

a claim for disparate treatment and it is recommended that Defendant's motion to dismiss be granted.

## IV. CONCLUSION

Despite Plaintiff's failure to file a response, the Court has nevertheless considered the substance of Plaintiff's complaint, and for the reasons discussed above, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Therefore, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket Entry 11) be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
February 20, 2013